UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| MICHAEL JABER, | ) |
| Plaintiff, | ) No. 2:11-CV-00050-KSF |
| V. | ) |
| MICHELLE SNODGRASS, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendants, | ) **AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

Michael Jaber, confined in the Boone County Jail located in Burlington, Kentucky, has filed a *pro se* civil rights complaint asserting claims under 42 U.S.C. § 1983. The defendants are Michelle Snodgrass, Campbell County Commonwealth's Attorney; Robert DeFusco, Assistant Campbell County Public Advocate; and Jamie Jamison, Assistant Campbell County Public Advocate. Jaber has been granted *in forma pauperis* status by separate Order.

This matter is before the Court for initial screening.[1] Because Jaber has been granted pauper status and is pursuing this action against government officials, the Complaint must be screened under 28 U.S.C. §§ 1915A and 1915(e). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.* §§

---

[1] *Pro se* complaints are held to less stringent standards than those drafted by attorneys. *See Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008). Moreover, at the screening phase, the allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

1915(e) and 1915A. For reasons explained below, Jaber fails to state a claim upon which relief can be granted, and his § 1983 Complaint will be dismissed with prejudice.

**CLAIMS ASSERTED AND RELIEF REQUESTED**

Jaber alleges that during his December 2010 criminal proceeding in the Campbell Circuit Court, the defendants violated his right to counsel in violation of the Sixth Amendment of the United States Constitution.[2] Jaber alleges that during the pre-trial proceedings, Snodgrass continually threatened to file additional charges against him, and that she specifically threatened to indict and jail any witnesses he subpoenaed to testify on his behalf at trial. [R. 2, pp. 1-2].[3] Jaber alleges that DeFusco and Jamison informed him that if he did not accept Snodgrass' plea agreement, "any plea deal would be off and a maximum sentence would be sought." [*Id*., p. 1].

Jaber alleges that because his public defenders were afraid of Snodgrass, and expressed concerns about their potential "inability to work in the Courthouse in the future," *id*., p. 2, they were either unable or unwilling to properly represent him at trial. Specifically, Jaber claims DeFusco and Jamison refused to go against her plea offers; failed to subpoena necessary witnesses and documents on his behalf; failed to seek and obtain discovery materials from Snodgrass; and failed to introduce into evidence that he (Jaber) had previously been a police

---

[2] Jaber does not specify the crimes for which he was charged; the crimes for which he was convicted; or whether he pleaded guilty.

[3] Jaber alleges that because Snodgrass threatened to charge any witnesses he called, and that because "most" of the witnesses he intended to call were his wife and children, his family members did not testify on his behalf. [*Id*., p. 2]. Jaber's brother, Phillip Jaber, submitted a letter stating that during the trial, Snodgrass told defense counsel that if either he (Phillip Jaber) or his mother testified on Michael Jaber's behalf, Snodgrass would charge both of them with "complicity to the crime." [R. 1-2, p. 7].

2

informant. Jaber alleges that these omissions deprived him of his right of counsel guaranteed by the Sixth Amendment. Other than alleging that the defendants violated his Sixth Amendment rights, Jaber seeks no specific relief.

## DISCUSSION

To the extent that Jaber alleges that Snodgrass threatened to charge him with other crimes for calling witnesses on his behalf, he is claiming that she violated his right to due process of law guaranteed by the Fourteenth Amendment of the United States Constitution. The Fourteenth Amendment prohibits persons acting under color of state law from violating a person's rights guaranteed by either the federal constitution or federal law, and also guarantees due process and equal protection of the law with respect to state action. Jaber complains that DeFusco's and Jamison's actions in representing him in the Campbell Circuit criminal proceeding fall under the Sixth Amendment of the United States Constitution, which guarantees effective assistance of counsel to those charged with criminal offenses.

All of Jaber's claims fall under 42 U. S. C . § 1983, which provides a private cause of action for deprivations of federal rights against persons who act under color of state law. Again, Jaber did not seek any specific relief in his Complaint, but assuming that he may have intended to seek damages for the alleged constitutional violations, he could not do so for several reasons.

First, a § 1983 action seeking damages against those involved in a criminal proceeding are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff

must prove that the conviction or sentence has been [overturned]." *Id*. at 486-87. In other words, before Jaber can seek damages in a federal civil rights proceeding against those involved in his criminal case, he must show a favorable termination of his criminal conviction, which essentially requires showing that his conviction has been overturned or set aside.

As noted, Jaber has not identified either the crimes for which he was convicted or the sentences that were presumably imposed. He has also failed to allege that he has obtained a favorable termination of his unidentified criminal conviction, and as the criminal proceedings took place only in December 2010, it is unlikely that Jaber could in fact show a favorable termination of his criminal conviction. Therefore, Jaber cannot pursue his federal civil rights claims against the defendants.

Second, the *Rooker-Feldman* doctrine bars Jaber's claims against the defendants. Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir.2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon*, 224 F.3d at

4

509-10. A plaintiff's claims are inextricably intertwined with the state court's decision if the federal claims can succeed only to the extent that the state court wrongly decided the issues before it, *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998), and if the federal claims assert specific challenges to the state court proceedings, rather than a general challenge to the constitutionality of the state law. *Patmon*, 224 F.3d at 509-10; *Catz*, 142 F.3d at 293.

Jaber merely disagrees with the manner in which he was presumably convicted, raising only specific grievances about his attorneys and the prosecutor in his state court criminal proceeding, not a general challenge to the constitutionality of a state law applied to him. Accordingly, his claims in this action are inextricably intertwined with the state court's decision, and essentially amount to an impermissible appeal of his state court criminal judgment.

Thus, however displeased Jaber is or was about the outcome of his criminal conviction, he cannot seek damages against his public defenders and the prosecutor through this civil rights action by claiming that they violated his constitutional rights during his criminal proceeding. Jaber must assert any challenges to his conviction by appealing it through Kentucky's appellate courts – to the level of the Commonwealth's Supreme Court – and then on to the Supreme Court of the United States.

Third, Campbell County Public Advocates DeFusco and Jamison have no liability to Jaber under § 1983. Because neither public defenders nor court-appointed criminal defense counsel act under color of state law, *see Polk County v. Dodson*, 454 U.S. 312, 321(1981), they are not liable for violations of constitutional rights under § 1983. *Id*.; *Anderson v. Sonenberg*, 111 F.3d 962 (D.C.Cir.1997) (unpublished table decision).

Fourth and finally, Jaber alleges that Snodgrass violated his constitutional rights by allegedly threatening to pursue other criminal charges against him for more serious offenses when he refused to plead guilty to lesser charges. However, prosecutors are entitled to absolute immunity when engaging in activities "intimately associated with the judicial phase of the criminal process." *Hopkins v. Sellers*, No. 1:09-CV-304, 2010 WL 3303651, *3 (E.D. Tenn. Aug.19, 2010) (Collier, C.J.); (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Kent v. Cardone*, No. 10-818-CV, 2011 WL 13906, at *1 (2d Cir. Jan. 5, 2011).

This immunity forecloses claims based upon a prosecutor's allegedly improper actions in seeking an indictment on criminal charges, *Imbler*, 424 U.S. at 431; *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (finding prosecutors absolutely immune from claim alleging that they conspired to knowingly bring false charges despite claims of failure to investigate facts and alleged commission of perjury before the grand jury); presenting evidence at trial, *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); or negotiating a plea bargain, *Schloss v. Bouse*, 876 F.2d 287, 292 (2d Cir. 1989) (holding that negotiating a plea bargain is an act within a prosecutor's jurisdiction as a judicial officer). Jaber's Fourteenth Amendment claims against Snodgrass fall squarely within the immunity afforded to prosecutorial decisions. *Higgason v. Stephens*, 388 F.3d 868, 878 (6th Cir. 2002); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

Because Jaber fails to state a claim upon which relief can be granted against any of the defendants under § 1915(e) and § 1915A, his Complaint will be dismissed with prejudice and judgment will be entered in favor of the defendants.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. Plaintiff Michael Jaber's Complaint asserting Sixth and Fourteenth Amendment constitutional claims against Defendants Michelle Snodgrass, Robert DeFusco, and Jamie Jamison, is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2. The Court will enter a separate Judgment.

This April 1, 2011.

Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**